UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| MAURICE DIXON,<br><br>                            Plaintiff,<br><br>                -against-<br><br>CAROL ANN JORDAN; NYS CHILD SUPPORT SERVICES,<br><br>                            Defendant. | 23-CV-9227 (LTS)<br><br>ORDER OF DISMISSAL |

LAURA TAYLOR SWAIN, Chief United States District Judge:

Plaintiff, who is appearing *pro se*, brings this action against a New York State Support Magistrate, Carol Ann Jordan, and the New York State Child Support Services, challenging a decision by the Support Magistrate regarding a "debt." The Court construes the complaint as brought under 42 U.S.C. § 1983 because Plaintiff asserts that Defendants violated his constitutional rights.

By order dated November 13, 2023, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the following reasons, the Court dismisses the action.

## STANDARD OF REVIEW

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

Rule 8 of the Federal Rules of Civil Procedure requires a complaint to include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Twombly*, 550 U.S. at 555. After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.*

## BACKGROUND

The following facts are taken from the complaint. On August 31, 2023, in the Westchester Family Court, in New Rochelle, "Car[]ol Ann Jordan of the NYS Child support Services[ ] put in place a order for me to pay a debt[.] I never agreed to or neither signed for

violating my Due process rights."¹ (ECF 4, at 6.) Plaintiff claims that "[a]s a result of this fraud committed my right to travel was violated my . . . drivers license was suspended, I was arrested because of the suspension and handcuffs were placed on my wrists that injured my wrists." (*Id.* at 7.) Plaintiff states that "my paychecks have been garnished, my funds have been stolen from my bank account[,] my tax return were stolen as well." (*Id.*) He seeks "33 Million dollars, for all the pain and suffering through the years." (*Id.*)

## DISCUSSION

**A.      Judicial Immunity**

Judges are absolutely immune from suit for damages for any actions taken within the scope of their judicial responsibilities. *Mireles v. Waco*, 502 U.S. 9, 11 (1991). Generally, "acts arising out of, or related to, individual cases before the judge are considered judicial in nature." *Bliven v. Hunt*, 579 F.3d 204, 210 (2d Cir. 2009). "Even allegations of bad faith or malice cannot overcome judicial immunity." *Id.* (citations omitted). This is because, "[w]ithout insulation from liability, judges would be subject to harassment and intimidation . . . ." *Young v. Selsky*, 41 F.3d 47, 51 (2d Cir. 1994).

Judicial immunity does not apply when the judge takes action "outside" his judicial capacity, or when the judge takes action that, although judicial in nature, is taken "in absence of jurisdiction." *Mireles*, 502 U.S. at 9-10; *see also Bliven*, 579 F.3d at 209-10 (describing actions that are judicial in nature). But "the scope of [a] judge's jurisdiction must be construed broadly where the issue is the immunity of the judge." *Stump v. Sparkman*, 435 U.S. 349, 356 (1978).

---

¹ The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation as in the original unless noted otherwise.

In addition, Section 1983, as amended in 1996, provides that "in any action brought against a judicial officer for an act or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." 42 U.S.C. § 1983.

Plaintiff has not alleged any facts suggesting that Defendant Magistrate Jordan acted beyond the scope of her judicial responsibilities or outside her jurisdiction. *See Mireles*, 509 U.S. at 11-12. Because Plaintiff sues Magistrate Jordan for "acts arising out of, or related to, individual cases before [her]," she is immune from suit for such claims. *Bliven*, 579 F.3d at 210. The Court therefore dismisses Plaintiff's claims against Magistrate Jordan because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii), and, consequently, as frivolous, 28 U.S.C. § 1915(e)(2)(B)(i). *See Mills v. Fischer*, 645 F.3d 176, 177 (2d Cir. 2011) ("Any claim dismissed on the ground of absolute judicial immunity is 'frivolous' for purposes of [the in forma pauperis statute].").

**B.   Eleventh Amendment Immunity**

"[A]s a general rule, state governments may not be sued in federal court unless they have waived their Eleventh Amendment immunity, or unless Congress has abrogated the states' Eleventh Amendment immunity . . . ." *Gollomp v. Spitzer*, 568 F.3d 355, 366 (2d Cir. 2009). "The immunity recognized by the Eleventh Amendment extends beyond the states themselves to state agents and state instrumentalities that are, effectively, arms of a state." *Id*. New York has not waived its Eleventh Amendment immunity to suit in federal court, and Congress did not abrogate the states' immunity in enacting 42 U.S.C. § 1983. *See Trotman v. Palisades Interstate Park Comm'n*, 557 F.2d 35, 40 (2d Cir. 1977). Plaintiff's Section 1983 claims against the New York State Child Support Services are therefore barred by the Eleventh Amendment and are

dismissed because they seek monetary relief against a defendant who is immune from such relief, 28 U.S.C. § 1915(e)(2)(B)(iii).

**C.     Domestic Relations Abstention Doctrine**

Plaintiff asserts that his due process rights were violated when Defendant Jordan ordered him to pay a "debt." The Court understands this claim to be a due process challenge to a Westchester Family Court proceeding where Magistrate Jordan ordered Plaintiff to pay support payments. This claim, however, cannot be considered by the Court because the domestic relations abstention doctrine requires federal district courts to abstain from exercising federal question jurisdiction of constitutional claims.

Federal district courts within the Second Circuit must abstain from exercising federal question jurisdiction of claims involving domestic relations issues, so long as those claims may be fully and fairly determined in the state courts. *Am. Airlines, Inc. v. Block*, 905 F.2d 12, 14 (2d Cir. 1990). For example, a federal district court should abstain from exercising its federal question jurisdiction of claims in which it is "asked to grant a divorce or annulment, determine support payments, or award custody of a child." *Am. Airlines, Inc.*, 905 F.2d at 14 (internal quotation marks and citation omitted); *see Deem v. DiMella-Deem*, 941 F.3d 618, 621 (2d Cir. 2019) (reaffirming holding in *American Airlines*).

Plaintiff challenges the fact that he must pay child support. Thus, unless he states facts suggesting that there is an obstacle that prevents him from receiving a full and fair determination in the state courts of his challenge to his support payments, this Court must abstain from exercising its federal question jurisdiction of his claims arising from Magistrate Jordan's orders. *Am. Airlines*, 905 F.2d at 14; *see, e.g.*, *Simmons v. NYS Dep't of Soc. Servs.*, No. 19-CV-3633 (CM), 2019 WL 5810307, at *4 n.2 (S.D.N.Y. Nov. 5, 2019) ("[C]alculation of support payments is the type of domestic relations issue that the Court generally abstains from hearing.").

Although Plaintiff asserts that his due process rights were violated in the Westchester Family Court, he alleges no facts suggesting that there were any obstacles that prevented him from receiving a full and fair determination regarding his obligation to make support payments. Rather, Plaintiff simply appears to disagree with Magistrate Jordan's order. Accordingly, the Court must abstain from exercising its federal question jurisdiction of Plaintiff's federal law claims arising from any order directing him to pay support.

## LEAVE TO AMEND DENIED

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). The Court declines to grant Plaintiff leave to amend his complaint because the defects in his complaint cannot be cured with an amendment. Plaintiff names Defendants who are immune from liability in this action, and this Court must abstain from exercising federal question jurisdiction of any due process claim Plaintiff may be asserting.

## CONCLUSION

Plaintiff's complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to enter judgment.

SO ORDERED.

Dated:   January 2, 2024
         New York, New York

/s/ Laura Taylor Swain
LAURA TAYLOR SWAIN
Chief United States District Judge